LAW OFFICES
MONTELEONE & McCRORY, LLP
725 South Figueroa Street, Suite 3200
Los Angeles, California 90017
Tel: (213) 612-9900   Fax: (213) 612-9930

DIANA M. DRON (SBN 86195)
dron@mmlawyers.com
J. MICHAEL GRIMM (SBN 295224)
grimm@mmlawyers.com
Attorneys for Defendants,
BLUE PACKAGE DELIVERY, LLC and
BLAINE J. BYRAM

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STO HOME DELIVERY INC., a California corporation; and SOHO EXPRESS, INC., a California corporation, <br><br> Plaintiffs, <br><br> v. <br><br> BLUE PACKAGE DELIVERY, LLC, a Minnesota limited liability company; BLAINE J. BYRAM, an individual; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 2:19-CV-00314-PSG-JEM <br><br> Assigned for All Purposes to: Hon. Stanley Blumenfeld, Jr. <br><br> **MONTELEONE & MCCRORY, LLP'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANT AND COUNTER-CLAIM PLAINTIFF BLUE PACKAGE DELIVERY, LLC AND DEFENDANT BLAINE J. BYRAM** |
| BLUE PACKAGE DELIVERY, LLC, a Minnesota limited liability company; <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> STO HOME DELIVERY INC., a California corporation; SOHO EXPRESS, INC., a California corporation; and ROES 1 through 20, inclusive, <br><br> Counterclaim Defendants. | Motion for Leave to Withdraw As Counsel: <br> DATE:   January 15, 2021 <br> TIME:   8:30 a.m. <br> ROOM.:  6C |

1

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW AS COUNSEL**

# MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Central District of California Local Rule 83-2.3.2 and 83-2.3.4, an attorney may withdraw as counsel with leave of court, with a motion to withdraw supported by good cause, and in the case of an organization, providing written notice to the organization of the consequences of its inability to appear pro se. Monteleone & McCrory, LLP (hereinafter "M&M") has satisfied the notice requirement and believes good cause exists for this Court to grant its Motion to Withdraw.

## I. INTRODUCTION

The Plaintiffs in this matter are STO Home Delivery Inc. ("STO") and SOHO Express, Inc. ("SOHO"). STO and SOHO are nearly identical corporations, based in the same area of Los Angeles, California. Both STO and SOHO signed nearly identical contracts with Blue Package Delivery, LLC, which is a parcel transportation company based out of Minneapolis, Minnesota. STO and SOHO bring suit against the BPD Parties for breach of contract, breach of implied covenant of good faith and fair dealing, unfair competition and fraud. Blue Package Delivery, LLC filed a counter-claim against STO and SOHO for breach of contract, breach of implied covenant of good faith and fair dealing, and fraud.

To date, the parties have completed all necessary discovery, including depositions of the key participants as well as written discovery. Furthermore, without a continuance, discovery will be closed by the time this Court hears the motion at bar.

## II. M&M'S RELATIONSHIP WITH THE BPD DEFENDANTS

As set forth in the Declaration of Diana M. Dron (hereinafter "Dron Decl."), M&M agreed to represent Blue Package Delivery, LLC and Blaine J.

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR LEAVE TO WITHDRAW AS COUNSEL

Byram (hereinafter, collectively, "BPD Parties") in or about June of 2019, and this agreement was formalized on June 12, 2019 when the BPD Parties accepted and agreed to a retainer agreement with M&M. Dron Decl. at ¶2. On behalf of the BPD Defendants, M&M answered the First Amended Complaint in this action and filed a counter-claim on behalf of Blue Package Delivery, LLC on or about June 14, 2019.

After an invoice from M&M was returned, on January 17, 2020, Ms. Dron spoke with Defendant Blaine Byram who is also the President and CEO of Blue Package Delivery, LLC, to obtain a current mailing address for the BPD Parties. Dron Decl. at ¶3. Mr. Byram provided a current address and pledged to pay the outstanding balance for services rendered. On June 25, 2020, Ms. Dron spoke with Mr. Byram and informed him that he has yet to make payment on any bill, and that payment needed to be received in a timely manner; Mr. Byram confirmed that he would bring the account current. Dron Decl. at ¶4. On or about August 26, 2020, Ms. Dron again spoke with Mr. Byram regarding the outstanding balance, and Mr. Byram again confirmed that payment would be made. Dron Decl. at ¶5. On October 7, 2020, Ms. Dron wrote an email to Mr. Byram indicating that M&M has yet to be paid, and M&M would seek to withdraw as counsel to the BPD Parties if payment was not received by October 16, 2020. Dron Decl. at ¶6.

Finally, on November 12, 2020, Philip Putnam, managing partner of M&M sent a letter to the BPD Parties that payment needed to be made or M&M would motion this Court to withdraw as counsel for the BPD Parties. [Declaration of Philip Putnam ("Putnam Decl.") at ¶3]. In the letter from Mr. Putnam to the BPD Parties, Mr. Putnam explicitly warned the BPD Parties that the Federal Rules of Court prohibit an organization such as Blue Package Delivery, LLC from representing itself pro se, and Blue Package Delivery, LLC would need to retain new counsel. Putnam Decl. at ¶3.

### III. THIS COURT SHOULD PERMIT M&M TO WITHDRAW BASED UPON THE BPD PARTIES' FAILURE TO PAY M&M

M&M has diligently worked on behalf of the BPD Parties, but unfortunately, the BPD Parties have violated its written retainer agreement with M&M because they have failed to pay any of M&M's invoices (currently, a large sum is outstanding). Moreover, M&M is a small firm and these outstanding invoices impact M&M's daily practices. Consequently, M&M now seeks leave of court to withdraw because the working relationship between the client and counsel has broken down due to the BPD Parties' failure to comply with its financial obligations.

In satisfying the good cause requirement of Central District of California Local Rule 83-2.3.2, Federal Courts "generally look to applicable state rules of professional conduct." Phillips and Stevenson, RUTTER GROUP PRAC. GUIDE: FEDERAL CIV. PRO. BEFORE TRIAL (The Rutter Group 2020) [12:192]. It is well settled in California that a breakdown of the attorney-client relationship is grounds for permissive withdrawal, as is a breach of an obligation to pay expenses and fees. California Professional Conduct Rule 1.16. "[T]he client's failure to pay agreed-upon attorney fees may be ground for an attorney to withdraw. Phillips and Stevenson, RUTTER GROUP PRAC. GUIDE: FEDERAL CIV. PRO. BEFORE TRIAL (The Rutter Group 2020) [12:193]; *Statue of Liberty-Ellis Island Found., Inc. v. International United Indus., Inc.* (SD NY 1986) 110 FRD 395, 397. "Generally, it must be shown that the attorney warned the client a reasonable time before filing the motion that he or she would withdraw if the client did not pay the fees, that the demand for payment was not coercive, and that the withdrawal would not severely prejudice the client (e.g., no impending deadlines, etc.)." Phillips and Stevenson, RUTTER GROUP PRAC.

///

4

GUIDE: FEDERAL CIV. PRO. BEFORE TRIAL (The Rutter Group 2020) [12:193]; *Brandon v. Blech* (6th Cir. 2009) 560 F3d 536, 538.

M&M has sent monthly invoices to the BPD Parties since July of 2019, and has personally asked the BPD Parties to bring their account current for almost a year. M&M has waited as long as possible for payment, and has informed the BPD Parties for at least two months that M&M would bring a motion to withdraw if payment was not made. Continuing expenses coupled with a need for the BPD Parties to seek new counsel for a currently scheduled May 2021 trial date necessitate this Motion at this time.

### IV.  NO PREJUDICE TO THE BPD PARTIES

Trial in this matter is currently scheduled to begin on May 12, 2021, and should the Court grant this Motion to Withdraw, the BPD Parties will officially have four months to have new counsel prepare for trial in this matter, if the trial date is not further continued. Since all necessary written discovery has been completed, and depositions of key participants taken, new counsel for the BPD Parties will not need to conduct any new discovery. Indeed, it should also be noted that the BPD Parties have been personally asked for payment by M&M since at least June of 2020, and the BPD Parties have known since October that M&M would withdraw as counsel of record if payment for services rendered had not been made. Given the many attempts at resolution as well as the prolonged notice to the BPD Parties, there can be no argument of prejudice to the BPD Parties due to M&M's withdrawal.

///
///
///
///
///

5

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW AS COUNSEL**

## V. CONCLUSION

For the foregoing reasons, M&M believes that good cause exists to withdraw as counsel of record for the BPD Parties, and that withdrawal at this time will not prejudice the BPD Parties.

Dated: December 21, 2020         MONTELEONE & McCRORY LLP


By _/s/ J. Michael G_____
Diana M. Dron
J. Michael Grimm
Attorneys for BLUE PACKAGE DELIVERY, LLC and BLAINE J. BYRAM